The plaintiff offered in evidence various judgments rendered against the defendant for debt, interest and cost, and docketed in Granville County, as follows:
One on the 16th day of December, 1868, and one on the 16th day of October, 1868, and one on the 7th day of January, 1869. (242)
The plaintiff further offered in evidence writs of fieri facias issued upon these judgments respectively, and levied upon the locus in quo, and also writs of venditioni exponas. It was in evidence, that by virtue of the writs of venditioni exponas, the sheriff, after due advertisement, offered the locus in quo for sale, as the property of the defendant, to the highest bidder, at public auction, on the 6th day of March, 1869, when the plaintiff became the purchaser and took the sheriff's deed therefor, dated March 6th, which deed was duly registered and offered in evidence by the plaintiff.
It was further in evidence that the debts for which the said judgments were rendered were contracted prior to the adoption of the present Constitution of North Carolina.
On behalf of the defendant, it was in evidence that at the time of said levies and sales, the locus in quo was the only real estate owned by him, and did not exceed the value of one thousand dollars, and that the defendant and his family resided thereon. That the whole of said land was sold absolutely by the sheriff, no homestead ever having been allotted to the defendant.
The defendant further offered to prove by competent evidence that on the 22d day of January, 1869, he applied to a Justice of the Peace, for the county of Granville, for an allotment of his homestead in the locus in quo. That in accordance with his application, three disinterested freeholders were appointed by the said Justice to allot to the defendant his homestead. That the commissioners so appointed did assign to the defendant the whole of the locus in quo, as a homestead, and duly made a report thereof according to law. That this report was returned to the office of the Register of Deeds, for registration, *Page 192 
but the report having been lost or mislaid after it came to the hands of said officer, was never registered. That diligent search had been made for the report, but the same could not be found. The (243) defendant then introduced in evidence a correct copy of said report. The plaintiff objected, and the evidence was ruled out by the court. To this ruling of the court the defendant excepted.
The court instructed the jury, that if they believed the evidence they should find for the plaintiff. To this the defendant again excepted.
There was a verdict and judgment for the plaintiff, whereupon the defendant appealed.
As the case states particularly the dates of docketing the several judgments, and that writs of fieri facias were issued on the judgments and levied upon the lands, which were afterwards sold under writs of venditioniexponas, and no reference whatever is made to the time of the levy, we think it is sufficiently clear that no levy was made upon the land until after the judgments were docketed. As the judgments were not docketed until after the adoption of the Constitution and the Act of 1868, Bat. Rev. Chap. 55, known as the homestead law, any levy subsequent to that time would not divest the defendant of his right of homestead. McKeethan v. Terry,64 N.C. 25. In the light of our decisions, it is immaterial whether the judgment debts were contracted prior or subsequent to the homestead law, the defendant was entitled to the benefit of its provisions, and his title to the land and right of possession are not divested by the sale and sheriff's deed. Hill v. Kessler, 63 N.C. 437. Crummen v. Bennett,68 N.C. 494. Wilson v. Sparks, 72 N.C. 208. Abbott v. Cromartie,72 N.C. 292.
There is error. Judgment reversed.
PER CURIAM. Venire de novo.
Cited: Mebane v. Layton, 89 N.C. 399; Lowdermilk v. Corpening,92 N.C. 335. *Page 193 
(244)