SOLOMON HILL v. GRIFFIN OXENDINE.

*Bankruptcy—Homestead—Judgment.*

1. This Court will assume that the date of a judgment is the date of the beginning of the debt upon which it is rendered, when there is nothing in the record to the contrary.

2. In an action to recover land, it appeared that in 1869 G obtained a judgment against F; that in 1873 F conveyed the *locus in quo* to defendant, the same having been regularly assigned to him as a

homestead ; that thereafter F went into bankruptcy and the locus in quo was assigned to him as a homestead by the assignee, and the reversionary interest therein was purchased by the defendant at assignee's sale ; that after the adjudication of F as a bankrupt, the plaintiff purchased the locus in quo at a sheriff's sale under execution on G's judgment ; *Held*, that plaintiff was not entitled to recover.

CIVIL ACTION to recover land tried at December Special Term, 1877, of ROBESON Superior Court, before *Cox, J.*

The facts are these : In 1869, Sarah Grimsley recovered judgment against Giles P. Floyd. On the 18th of January, 1873, Floyd conveyed the *locus in quo* to the defendant by deed. Before said sale the *locus in quo* was regularly assigned to said Floyd under the statute as his homestead. Afterwards, said Floyd was adjudicated a bankrupt, and his assignee in bankruptcy assigned the same premises to him as his homestead, and on the 25th of February, 1875, he, the assignee, sold the reversionary interest in the same, and the defendant Oxendine became the purchaser. After said adjudication an execution issued on said judgment and the sheriff sold the same land, and the plaintiff became the purchaser, and now sues for possession. His Honor gave judgment against the plaintiff upon the verdict, and he appealed.

*Mr. N. McLean,* for plaintiff.
*Mr. Giles Leitch,* for defendant.

FAIRCLOTH, J. (After stating the case as above.) The plaintiff claims title on the theory that the homestead was not in his way. This is the pivotal point in the case. On the closest inspection of the record we are unable to ascertain when the debt for which the judgment was rendered, was contracted, or how, or for what it was contracted.

The first and only evidence of the existence of this debt is the judgment rendered in 1869. We must therefore assume this to be the date of the beginning of the debt.

We can not presume its existence at any prior time. This being so, the homestead guaranteed by the constitution of 1868 is valid as against the plaintiff's judgment, and being regularly assigned at the instance of the defendant, it was not the subject of sale under the plaintiff's execution, and he acquired no title by the sheriff's sale. He did not even get the reversionary interest, because that could not be sold under an execution until after the termination of the homestead interest itself. Bat. Rev. ch. 55, § 26.

Again, the question is affected by the proceedings in bankruptcy. The assignee set apart the same premises to the bankrupt Floyd as his homestead, and although this was after Floyd had sold to the defendant, this fact can not help the plaintiff. If by this assignment in any view Floyd acquired any interest, of course it was protected by the provisions of the bankrupt act, and if the defendant's title was not already complete, this newly acquired estate would have fed the estoppel between Floyd and the defendant, which coupled with defendant's purchase of the reversionary interest, made his a good title to the absolute estate. The homestead being valid according to our State laws, it is expressly secured and protected against any and all liens or incumbrances by § 5045, Revised Statutes, (U. S.)

The plaintiff's deed ordered by His Honor to be surrendered for cancellation is not found in the record, and we can not say whether it is valuable for any other purpose to him or not, but its cancellation is not essential or important to the defendant's rights, and that portion of the order is reversed and with this modification the judgment below is affirmed. The defendant will recover costs in this Court and the action be dismissed.

PER CURIAM.        Judgment modified and affirmed.