J. B. SUMNER, Adm'r, v. THOMAS J. CANDLER.

*Witness—Transaction with person deceased.*

The defendant in an action for money demand is disqualified to testify as to the time and place of signing a receipt by plaintiff's intestate, in support of his plea of satisfaction. C. C. P., § 343. The competency of evidence is determined by the substance of the witness' answer, and not by the form of the question put to him.

CIVIL ACTION tried at Spring Term, 1882, of BUNCOMBE Superior Court, before *Gilliam, J.*

This action is for money had and received, the plaintiff alleging that his intestate, who was the sheriff of Buncombe county, had placed in the hands of the defendant claims against the treasurer of the state amounting to one thousand dollars, which he had collected and failed to pay over.

The sole defence relied on was that of accord and satisfaction—the defendant alleging that said intestate had accepted of him a horse, saddle and bridle and a suit of clothing in full satisfaction and discharge of his entire liability. At the trial the defendant offered in evidence a receipt, and upon showing that it was in the hand-writing of plaintiff's intestate, was allowed to read it as follows: " Received of T. J. Candler the balance. in full of all claims, together with all moneys placed by me in his hands for settlement with the treasurer for the years 1868, 1869 and 1870, including the Lusk and Henry claims as solicitors, for which he has my receipt—this February 18th, 1875." (Signed by Jesse Sumner, the plaintiff's intestate).

After introducing several witnesses in regard to the declaration of the intestate touching the settlement, and there being some discrepancy in their statements as to the time when it occurred, the defendant himself was introduced as a witness, and his counsel proposed to ask him when the

receipt above referred to was signed by the intestate, to which the plaintiff objected upon the ground that he was incompetent to testify as to a transaction with the deceased.

His Honor ruled him to be competent, and he thereupon testified that the receipt had been signed by the intestate at a mill about two miles from defendant's house. Plaintiff excepted. Verdict for defendant, judgment, appeal by plaintiff.

*Mr. J. H. Merrimon,* for plaintiff.
*Messrs. C. A. Moore* and *H. B. Carter* for defendant.

RUFFIN, J. The counsel who argued the cause for the defendant in this court, almost conceded the incompetency of the witness to testify as to the matter excepted to, and we think might well have done so altogether. It is difficult to conceive of testimony that could more certainly involve a transaction with a deceased person, than did that of the defendant when he testified to the signing of the receipt by the intestate, and described the place where the same was done.

For aught we know, it may have been this direct testimony, rather than the proofs as to the hand-writing of the intestate, that influenced the jury in determining the genuineness of the receipt, relied upon to support the plea of satisfaction. The question as to the competency, or incompetency, of evidence must be determined by the substance of the witness' answer, and not by the form of the inquiry put to him.

There must be a *venire de novo.*

Error.                                    *Venire de novo.*