W. N. MEBANE v. DANIEL LAYTON and others.

*Homestead—Reversionary Interest—Judgment, date of.*

1. A homestead is exempt from sale under execution, except (1) for taxes; (2) for obligations contracted for the purchase of the premises; (3) for mechanic's and laborer's lien; (4) for debts contracted prior to the adoption of the constitution. THE CODE, §§501 to 524 inclusive.

2. There is a presumption of fact in favor of such exemption, and the creditor who seeks to subject the homestead to the payment of his debt, must bring himself within one of the exceptions by proper averment and proof.

3. A sale without laying off the homestead (unless in case of the above exceptions) is void, and passes no title to the land or to the "reversionary interest."

4. The date of a judgment will be taken as the date of the debt upon which it was rendered, unless the contrary appear of record.

(*Andrews* v. *Pritchett,* 72 N. C., 135; *Hill* v. *Oxendine,* 79 N. C., 331; *Edwards* v. *Kearsey,* 74 N. C., 241; *Lambert* v. *Kinnery, Ib.,* 348; *Gheen* v. *Summey,* 80 N. C., 187; *Poe* v. *Hardie,* 65 N. C., 447; *Waters* v. *Stubbs,* 75 N. C., 28; *Hinsdale* v. *Williams, Ib.,* 430, cited and approved).

EJECTMENT tried at Spring Term, 1883, of GUILFORD Superior Court, before *Gilmer*, J.

The plaintiff appealed from the judgment of the court below.

*Messrs. Scott & Caldwell*, for plaintiff.

*Mr. James T. Morehead*, for defendants.

MERRIMON, J. The facts stated in the record in this action are meagre and indefinite. Necessary facts should always be stated with care and precision.

It appears that on the 9th day of November, 1878, W. N. Mebane obtained before a justice of the peace in Guilford county, a judgment against Charles Layton for the sum of $11.09, and for costs, and duly docketed the same in the superior court of that county; that thereupon, sometime before the year 1881, an execution was issued, and the sheriff levied upon and sold the land specified in the complaint as the land of the defendant in the execution, the plaintiff being the purchaser at the price of one dollar, and taking the sheriff's deed therefor.

The defendant in the execution was, at the time of the taking of the judgment and the sale, a resident of this state; the land sold was all that he owned, and it was of the value of $150.

At the time of the sale, and at the time of his death, which took place in the year 1881, before this action was brought, he had no wife, she having died before the sale; and at his death, all his children were over the age of twenty-one years.

This action was brought by the plaintiff, the purchaser of the land, to recover possession thereof against the defendants, who are the heirs-at-law, including the administrator of the said Charles Layton, deceased, and he claims title by virtue of the sheriff's deed.

The defendants insist that the land was the homestead of the said Charles Layton, their ancestor, and was not subject to levy and sale under said execution; and therefore, the deed passed no title to the plaintiff. The court so held, and the plaintiff excepted.

The plaintiff insisted that the debt upon which the judgment was founded was contracted prior to the present state constitution, and therefore, the defendant in the execution was not entitled to have a homestead, as against this judgment.

There was no evidence offered to show when the debt was contracted. The court held, in the absence of such evidence, that it was contracted as of the date of the judgment, and the plaintiff excepted.

The court gave judgment for the defendants, and the plaintiff appealed to this court.

The constitution, article ten, section two, provides that "every homestead * * * shall be exempt from sale under execution, or other final process obtained on any debt," with three exceptions; first, it is not exempt from sale under such process, for taxes; secondly, nor for payment of obligations contracted for the purchase of the land comprising the homestead; thirdly, nor from the payment of debts secured by a laborer's or mechanic's lien.

There is also a fourth exception: it is settled by judicial authority, that it may be sold under such process, to pay any debt contracted anterior to the adoption of the present constitution of this state.

Then, generally, the homestead is exempt from sale under execution. There are but four exceptions to this. The presumption of fact is, that the exemption exists; and whoever will bring himself within the exceptions, or any one of them, must aver and prove himself to be so entitled. Ordinarily this averment should be made in the pleadings in the action in which the judgment is obtained, upon which the execution issues. There may be cases in which, after judgment, it may be proved in a summary way, as the court may direct.

In the absence, therefore, of proper averment and proof to support it, that the debt, to pay which the land mentioned in the complaint was sold, was contracted before the adoption of the present constitution of this state, the presumption of fact is, that

it was contracted afterwards, and the exception of the plaintiff in that respect cannot be sustained. *Hill* v. *Oxendine*, 79 N. C., 331.

Before, at, and continuously next after the date of the judgment, and until his death, Charles Layton was entitled to and had homestead in the land in controversy. The homestead had not been assigned, nor was the land as much in value as the law allowed; nevertheless, he had and owned it unassigned, per force of the constitution, and it was not subject to be sold to pay that judgment. The assignment of homestead does not, nor is it necessary to create or establish the right to it: assignment only serves to indicate where it is, and whether there be any excess subject to levy and sale to pay judgment creditors. *Edwards* v. *Kearsey*, 74 N. C., 241; *Lambert* v. *Kinnery*, 74 N. C., 348; *Gheen* v. *Summey*, 80 N. C., 187.

But the assignment of homestead is essential in the just and reasonable assertion of the rights of judgment creditors; indeed, it is essential, looking to the interests of all creditors, and the debtor as well. Judgment creditors are entitled to sell the excess under execution; this, and no more. In the very nature of the matter, how can this be done intelligently, justly to the debtor and creditor, without knowing what is the excess and where it is? The purchaser, without assignment, might buy something; he might get nothing; he might get something at one place; he might get it at another. No prudent man would purchase at such a sale; at all events, he would not pay any reasonable price for property sold under such circumstances of doubt and uncertainty. Such a sale, as to injured parties, might be treated by a court of equity, in the absence of any statutory regulation, as fraudulent and void. This court held a sale made under similar circumstances to be fraudulent and void, at the instance of a complaining creditor. *Andrews* v. *Pritchett*, 72 N. C., 135.

The legislature has provided by statute a remedy for the mischief indicated, and has made wise provision for the protection of the rights and interests of debtors and creditors in this respect;

and for perfecting and executing effectually the provisions of the constitution in respect to the right of homestead.

It is provided in THE CODE, §516, that the officer, usually the sheriff, shall, before levying upon real estate, lay off in the manner prescribed to the execution debtor his homestead, if he be a resident of this state; and, further (§505), that the excess over the homestead may be levied upon and sold. · The sheriff, or other officer charged in that respect, is obliged to lay off the homestead, and if he shall levy and sell without doing so, he may be indicted and sued upon his official bond. A sale without laying off the homestead, unless in case of the several exceptions mentioned above, is unlawful and void. It not only contravenes the statute, but it contravenes justice and the orderly course of fair dealing among men. Courts of justice cannot sustain such sales. They are forbidden by the spirit of the statute, if not by the very letter.

It turns out in this case there was no land in excess of the homestead. It appears that the value of the land was but $150. So the deed passed nothing in the shape of excess over the homestead. If it had been laid off, there was no excess.

But it is said, it operated, at all events, to pass the estate in the land remaining after the homestead was over, and as this terminated at the death of Charles Layton, therefore the plaintiff is entitled to come into possession of what he purchased; he insists that he bought the land subject to the homestead. It does not appear that the sheriff undertook to levy upon or sell such an interest. He levied upon and sold the land without assigning, and without regard to the homestead. This he could not do. The constitution securing the homestead and the statute in aid of it stood in the way.

Then, it is insisted that this unlawful sale was broad enough and had virtue enough to sweep the estate in the land, commonly called the reversionary interest. Upon general principles of justice, this ought not to be so. But the statute (Bat. Rev., ch. 55, §26), in force at the time of the supposed sale, forbids in

terms the levy and sale under execution, for any debt, of the reversionary interest in lands included in a homestead, until *after* the termination of the homestead interest itself. It seems that this section of the statute has not been brought forward in THE CODE. This court has held that this statute was valid and has repeatedly given it effect. *Poe* v. *Hardie*, 65 N. C., 447; *Waters* v. *Stubbs*, 75 N. C., 28; *Hinsdale* v. *Williams*, 75 N. C., 430.

The purpose of this act was, not to enlarge the homestead, or to deprive the creditor of the estate or property after the homestead right should be at an end, but it was to have the property preserved and the right of the creditor to have the same sold postponed until it might be sold for its reasonable value. Hence it was provided that the statute of limitation should not run against debts affected by it.

The plaintiff did not—could not—purchase and get title by virtue of the sheriff's sale to the land specified in the complaint, nor did the deed operate so as to pass the estate in the land after the homestead therein was over. This was not leviable; there was no levy upon nor sale of it in contemplation of law.

The other exceptions set forth in the record are immaterial, and are disposed of in effect by this opinion.

The judgment of the superior court, in so far as it is affected by the exceptions of the plaintiff, must be affirmed, and it is accordingly so ordered.

Let this be certified.

No error.                                    Affirmed.