FANNIE WILLIAMS and others v. CYNTHIA CLOUSE.

*Judgment—-Estoppel of Record.*

1.  A judgment in a former action, to operate an estoppel, must be between the same parties and directly rest upon the precise issues and matters in difference in the second action.   *Temple v. Williams, ante* 82 (3).

2.  A rule which declares that a judgment is conclusive of every thing that *might* have been litigated in the action must be interpreted as applying only to the particular issue or matter *actually* determined therein.

(*Baird* v. *Baird*, 1 Dev. & Bat. Eq., 524; *Armfield* v. *Moore*, Busb., 157, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1884, of DAVIE Superior Court, before *Gilmer, J.*

It appears that the plaintiff, Fannie Williams, and the defendant and H. C. Eccles formed a partnership for the purpose of keeping a hotel in the town of Charlotte, in this state, to continue from the 1st day of January, 1870, for

three years next thereafter, and that they did such business for that length of time.

It is alleged by the plaintiff that the business affairs of that partnership were settled so far as the defendant was interested, except that she (the defendant) received from the partnership in the years 1870, 1871 and 1872 $1,984.06, while the plaintiff received the sum of $305.45, and that H. C. Eccles transferred all his interest in the accounts of the partnership to the plaintiff, and that she has requested the defendant to pay to her the sum of money due her on account of the difference between the sum of $1,984.06 and the sum of $305.45, which the defendant refused to do, and the plaintiff demanded judgment for $1,258.30, with interest thereon from January 1st, 1873.

The defendant denies the material allegations in the complaint, and insists that this action ought to be brought, if at all, to settle the partnership affairs, and cannot be maintained as to a single item incident to such settlement. The defendant pleads the statute of limitations, and further, that the partnership expired by its own limitation, and that all its business affairs were settled and closed as between the several partners in an action for that purpose in the superior court of the county of Davie, on the 15th of March, 1873, and afterwards removed to the superior court of the county of Rowan, and determined in that court, and that the judgment in that action estops the plaintiff to make the claim alleged in her complaint, or any claim whatsoever in respect to the partnership matters.

On the trial the defendant put in evidence a transcript of the record in the action determined in the superior court of Rowan county, from which it appears that Charles Price and Fannie Williams, (the plaintiff in this action) and the present defendant, brought their action against the said H. C. Eccles, alleging the said partnership, its terms, the manner of conducting the business of the same; that the

said Eccles was the chief manager; that certain contributions of money were to be made by each partner; that certain contributions were made; that the defendant Eccles had mismanaged the business and damages had thereby been sustained by the partnership; that it did a large and flourishing business most of the time, realizing large profits, which the said defendant received, &c.; and demanding judgment, "that an account be taken of said partnership business and of all moneys arising therefrom, which have or ought to have been received by the defendant, and that if upon taking this account it should be ascertained that net profits have been made from such business, the defendant shall be adjudged to pay plaintiffs their proportion thereof, to which they are entitled under the terms of the partnership aforesaid."

The defendant in that action (Eccles) denied that the said E. D. Hampton, whom the said Price represented as assignee, was a partner as alleged in the complaint, but he admitted that himself and Fannie Williams and Cynthia Clouse composed the partnership; he admitted many of the allegations in the complaint, and denied others, and alleged an accounting and a final settlement theretofore of the affairs of the partnership, and pleaded the same.

It further appeared from that record that there was a motion for a reference for an account of the partnership dealings, but the motion was "allowed only as to the list of notes and accounts, alleged by defendant Eccles to have been left in his hands on the settlement set up by him, and motion refused as to a general account on any matters preceding the alleged settlement."

From so much of this order as refused a general account, the plaintiffs took an appeal to the supreme court, and that court held there was error, and that no account could be ordered until the issue raised by the pleadings as to the

alleged settlement should be tried.  *Price* v. *Eccles*, 73 N. C., 162.

After that, " under a compromise between the parties in this suit, and in No. 35, same plaintiffs against R. M. Oates and others, embracing all matters between said parties; it is now, on motion of W. H. Bailey, counsel for plaintiffs, adjudged that plaintiffs Charles Price, assignee, Cynthia Clouse and Fannie Williams, recover of the defendant, H. C. Eccles, two hundred and fifty-five dollars, and that each party pay his own costs in this cause and in No. 35, to be, taxed by the clerk." This was the final judgment in that, action.

It appears that E. D. Hampton was not a member of the, partnership, and so, that neither himself nor the said Charles Price was a proper party to the action above referred to.

There was evidence tending to show a settlement of the partnership matters before the action above mentioned, and likewise evidence tending to show that such settlement was only partial.

The court intimated the opinion that the plaintiff in this, case could not maintain her action, thereupon she excepted and submitted to a nonsuit, and appealed.

*Messrs J. M. McCorkle* and *J. A. Williamson*, for plaintiffs. *Messrs. Clement & Gaither*, for defendant.

MERRIMON, J., after stating the case.  It seems that the court below based its intimation that the plaintiff could not sustain her action upon the ground that the judgment in the action determined in the superior court of Rowan. county, wherein she and the present defendant were plaintiffs, and H. C. Eccles was defendant, operates as an estoppel of record upon her as to her present alleged cause of action. At the argument, we were much inclined to think so, but a

careful examination of the record in that action leads us to a different conclusion.

It is true, the action referred to was brought for the purpose of settling the affairs of the partnership as between the several partners. This appears from the allegations and scope of the complaint, and also from the demand therein for judgment, and as well from the motion for the reference and a general account, which the court refused to grant. But the present plaintiff and defendant, both plaintiffs in that action, alleged specially, that the defendant therein, their co-partner, H. C. Eccles, had chiefly managed the business of the partnership, received the receipts and income thereof, and, in some respects, mismanaged its business, whereby it had been endamaged; and one purpose of the action was to compel him to account to the plaintiffs in that action specially, as well as the general purpose thereof to compel a general account and settlement *inter partes.* The record in that action shows, that no reference for an account therein was made; that no account was taken : that there was no accounting or settlement between the plaintiffs themselves; and it also appears therein that the defendant Eccles alleged in his answer, as matter of defence, that there had been a settlement of the partnership affairs before that action was begun, and it further appears that he agreed, as the result of a compromise, to pay the plaintiffs the sum of $255, in order (as he testified in this action) to rid himself of the action and all further liability and annoyance on account of the partnership. He consented that a judgment might be entered against him for that sum in favor of the plaintiffs; such judgment was entered, and thus the action terminated.

Now, it cannot be questioned, that where a matter of litigation between two or more parties has been duly settled by a judgment or decree in an action properly instituted by one of such parties against the other, that such judgment

or decree operates as an estoppel of record upon such parties and their privies, whenever the same matter shall be called in question in any subsequent litigation. As to all material allegations of the record upon which issue has been taken and found, and all matters settled and embraced by the final judgment or decree between the parties to the action, the record is conclusive upon them, according to its legal force and effect, and operates to estop them from again litigating the same fact or matter, so determined. As for example, if a fact be agreed upon by the parties to an action and this be entered of record, or a fact be found by verdict, and the court takes action therein and pronounces judgment or a decree, neither of the parties can ever afterwards deny that fact, so long as the judgment or decree remains unreversed. The doctrine of estoppel is essential in the administration of justice: without it, there would be no stability in judicial proceedings, no end of litigating the same cause of action, and there would be universal confusion and distrust.

But the judgment or decree, to have such effect, must be direct, and rest upon the precise issues and matters litigated and settled.

If it appear on the face of the record, that the main purpose of the action was not tried or passed upon, and that the judgment does not embrace it in terms or by necessary implication, as to such matters there can be no estoppel. It is indeed, sometimes vaguely said that a judgment or decree is conclusive of every thing that *might* have been litigated and settled in the action, but this statement is far too broad, unless it be taken as applying to the particular issue or matter actually litigated and determined, and such matters and things necessarily implied by them. *Baird* v. *Baird,* 1 Dev. & Bat., 524 ; *Armfield* v. *Moore,* Busb., 157 ; *Temple* v. *Williams, ante* 82 ; *Russell* v. *Place,* 94 U. S. Rep., 606 ; 2 Smith L. C., 573, (4 Am. Ed.) Big. on Estoppel, 103.

It appears from the record pleaded as an estoppel, that Eccles gave the plaintiff and defendant in this action (his co-partners) a judgment for $255.00, to relieve and discharge him from all further liability to account to them as their co-partner, and this was the only matter settled by the judgment, and so to that matter it operates as an estoppel upon the plaintiff and defendant in this action; but that judgment does not purport to have been a settlement of the rights of the plaintiffs in the action in which it was given, as between themselves. They did not account with each other as partners or otherwise. And it seems that as to themselves, the action was practically abandoned. The judgment therefore does not conclude the plaintiff in favor of the defendant in this action as to the partnership affairs.

The allegations of the complaint are vague and unsatisfactory. They ought to be made with much precision. It may be, as is imperfectly alleged, that the plaintiff and defendant settled the partnership accounts, as between themselves, except as to the single item mentioned in the complaint; or it may be, that as to this, the plaintiff's demand is barred by the statute of limitation; or it may be, that the plaintiff and defendant have not settled the partnership affairs as between themselves, the other partner Eccles having purchased from them his acquittance in that respect. As there was no estoppel, the action ought to have been tried upon its merits, apart from that supposed defence.

There is error. The judgment of nonsuit must be set aside, the action reinstated, and further proceedings had therein according to law. Let this opinion be certified to the superior court. It is so ordered.

Error.                                    Reversed.