JOHN A. ARNOLD v. L. E. ESTIS and wife.

*Issues—Homestead—Execution Sale—Fraudulent Conveyance— Consideration.*

1. The issues arising on the pleadings must be eliminated and submitted to the jury.

2. It is the duty of the sheriff, when selling land under execution, to lay off the homestead, even when the execution is issued upon a judgment for an old debt, to which the homestead does not apply.

3. When the sheriff sells land to which the homestead does apply without assigning it, *it seems* that the sale is void.

4. The debtor is entitled to his homestead, where judgment is rendered on a note given since the passage of the homestead laws, but for an indebtedness contracted prior to that time.

5. *It seems*, that he is so entitled, when judgment is rendered on an account some of the items of which were contracted prior, and some subsequent to the passage of the homestead law.

6. Creditors cannot sell land fraudulently conveyed, without having the homestead assigned to the fraudulent donor—for by the conveyance of the homestead, the creditor has not been obstructed in his remedy.

7. Where a father in view of the intended marriage of his daughter makes a deed to her and her intended husband for a tract of land, as an inducement to the marriage; *Held*, a valuable consideration.

(*Mebane* v. *Layton*, 89 N. C., 396; *Wilson* v. *Patton*, 87 N. C., 318; *Cable* v. *Hardin*, 67 N. C., 472; *Crummen* v. *Bennet*, 68 N. C., 494; *Duvall* v. *Rollins*, 71 N. C., 218, and *Gaster* v. *Hardie*, 75 N. C., 460, cited and approved).

ACTION for the recovery of land, tried at Spring Term, 1884, of GRANVILLE Superior Court, before *McKoy, Judge,* and a jury.

There was a verdict and judgment for the defendant, and the plaintiff appealed.

*Mr. J. H. Flemming,* for the plaintiff.

*Messrs. R. W. Winston, Fuller & Snow* and *E. C. Smith,* for the defendant.

SMITH, C. J.   The land in controversy formerly belonged to Chesley Arnold, the father of the plaintiff and *feme* defendant, under whom both parties undertake to derive title.

On August 10th, 1874, Chesley Arnold executed a deed conveying the land to the defendants for the recited "consideration of his natural love and affection for the said Nancy H. Estis, his daughter, and in consideration of marriage between the said Lucas E. Estis and his said daughter," accompanying which the said Lucas E., as a further consideration of the conveyance, not expressed in the deed, entered into a bond to the said Chesley, wherein he covenants under the penal sum of five hundred dollars "to maintain, support and administer to the wants and necessities of the said Chesley during his life."   The evidence of this undertaking was a copy from the registry, to the admission of which objection was taken and overruled.

Chesley Arnold afterwards, on October 6th, 1880, confessed judgment to the plaintiff before the Superior Court clerk for fourteen hundred and five dollars and six cents, the balance of an account rendered, containing charges during the intervening years from 1854 to 1872, inclusive, the correctness of which he verifies by oath and superadds:   "I hereby promise and bind myself to pay to the said John A. Arnold the said balance of fourteen hundred and five dollars and six cents with interest thereon from January 1st, 1880.   Witness my hand and seal, this the 17th day of September, 1880.

his<br>CHESLEY ⨯ ARNOLD.<br>mark.

WITNESS: W. F. BYRD.

On this judgment execution issued, under which the sheriff sold and conveyed to the plaintiff, on January 4th, 1881, "all the right, title and interest of said Chesley Arnold," in said lands for the price of six hundred and seventy-five dollars. This constitutes the evidence offered of the plaintiff's title.

The other testimony in the cause has reference to the validity of the debt reduced to judgment by confession and the *bona fides* of the measures employed to reach the land, and in our view of the matter is not material in its bearing upon the controversy.

The plaintiff asked an instruction that if the jury should find from the evidence that the paper-writing signed *and sealed* (the seal not appearing) by Chesley Arnold and annexed to the account upon which the judgment was confessed, was an acknowledgment of a subsisting *bona fide* debt, a part of which had been contracted prior to the year 1868, and that the plaintiff acquired his title under a deed from the sheriff selling under execution issued on such judgment, that the plaintiff is entitled to recover. This was refused. This is another instance in which the matters in controversy, as they appear in the pleadings are tried without the preparation and submission of issues eliminated therefrom to the jury as is required by *The Code*, sec. 395, and which constitutes a distinguishing element in our present mode of practice; and we repeat, what has been said in a previous case determined at this term, that this statute *must be observed* in the future.

The instruction proposed groups the several facts upon which counsel assumes to defend the plaintiff's right of action, and demands that the judge shall commit to the jury the finding of the right of recovery; whereas this is matter of law to be applied to the facts when they shall be ascertained by the verdict.

It is essential, as far as practicable, in administering the law in civil suits under the present system, that the respective functions of the jury be kept separate, as The Code contemplates.

There was no homestead or exemption laid off by the sheriff at his sale, but he undertakes to dispose of all the debtor's estate in the land, as if there had been no previous conveyance to the

defendants, and the denied instruction is based upon the proposition that no exemption can prevail against the debt or any part of it; because there are items entering into the aggregate which were contracted before the homestead right had any existence in the constitution; and, further, that the deed to the defendants is voluntary and inoperative against the sale under execution.

Our first inquiry, then, is as to the effect of the sheriff's sale and deed, in passing the land as against the defendants, assuming the deed to the latter to be a donation merely.

The land sold at the execution sale for but $675, which sum, accepted as the measure of its value in the absence of other estimates, falls below the maximum value of exempted real estate allowed the debtor. If the judgment be regarded as subordinate to the constitutional provision, as are debts contracted since it went into operation, it is manifest the debtor had no real estate accessible to final process, as it was all covered by the exemption. So, on the other hand, it would have been a useless and unmeaning form to lay off the exemption if the judgment is paramount to it, since all the land is insufficient to discharge the judgment and none would be left to the debtor.

Still, without regard to results, the statutory injunction ought to be observed, so that the debtor may retain against all his debts, so much as may not be needed of his real estate to meet his paramount liabilities, and to the full value of the allowance, against subsequent and subordinate liabilities incurred.

In *Mebane* v. *Layton*, 89 N. C., 396, it is in emphatic terms declared, that "a sale without laying off the homestead, unless in case of the several exceptions mentioned above, is unlawful and void." Those exceptions have been adverted to.

This brings us to the question, whether, as against the plaintiff's judgment there is any exemption which protects it from liability when the debtor's other estate is inadequate to discharge it.

We do not concur in the suggestion that the intermixing of claims arising from contracts made before and since the adoption of the constitution, by their voluntary fusion into one judgment,

are all placed in the former class and overreach the debtor's real estate exemption.   If the items become indistinguishable by the merger, it would be more reasonable to accept the result as placing them all among the latter class, in analogy to the rule which prevails where goods belonging to another are confused with one's own by his own unnecessary and voluntary act.   It is his own fault that that blending takes place, and he cannot complain of consequences he himself has brought about.   But the precise point has been before the court of a sister State and decided in the manner indicated.   *Bachman* v. *Crawford*, 22 Tenn., 213.

The State passed an act protecting certain specified property exemptions from execution upon judgments founded on contracts entered into on and after February 1st, 1834.   The account upon which judgment was rendered, consisted of items contracted before as well as after that date.   In the conclusion of the opinion delivered by Green, J., the court say:

"The plaintiff, in the execution, had his right of action for the articles delivered in 1833, and if he had chosen, might have brought his suit at the end of that year for the recovery of their value.   But he chose to let the account run on unliquidated and to sue for the whole in this action.   He cannot, by his voluntary act, thus deprive the party against whom the execution issued of a right secured by law.   The defendant could not, by any form of pleading known to the law, have caused the proceeding to be reversed, so that one judgment should be rendered for the sum due in 1833, and the other for the articles obtained after the first of Februaey, 1834.   Thompson Homestead, sec. 295."

The reasoning of the court seems to us to be correct, but the maintenance of the proposition is not necessary to the solution of our present inquiry.   The debtor not only admits his indebtedness, but he enters into a new contract to pay the entire aggregate sum for which judgment is entered up.   This places the claim upon the basis of a contract subordinate to the right of exemption.

Thus in *Wilson* v. *Patton*, 87 N. C., 318, upon the very point the court declare that "the new note is a new contract, and when given since the adoption of the constitution of 1868, and payment is attempted to be enforced by means of a judgment and execution, the defendant has the right to claim the homestead against such a demand."

The same rule is applied to the scaling process in reference to substituted contracts in *Cable* v. *Hardin*, 67 N. C., 472.

It is true the debtor and original owner sets up no claim to an exemption, nor could he in opposition to his deed conveying his estate to the defendants. As the homestead part, which for aught that appears is co-extensive with the entire tract, could not be reached and sold under execution, the plaintiff, as a creditor, has not been obstructed in his remedy, and he has acquired no less estate than he would have if this debtor remained the owner.

In *Crummen* v. *Bennet*, 68 N. C., 494, wherein this was ruled, the late Chief-Justice, in his usual brief and explicit language, says: "The fraud did not consist in conveying the homestead, for the creditor could not have reached that by his execution had the debtor retained his homestead. But the fraud was in conveying the other part of the land that the creditor can reach by execution. As to the homestead he has no concern. That matter will rest between the fraudulent donor and donee."

To the same effect are *Duvall* v. *Rollins*, 71 N. C., 218, and *Guster* v. *Hardie*, 75 N. C., 460.

We have thus far considered the plaintiff as contesting the right of donees, who have paid no consideration for the land, and thus discarded the evidence of the undertaking of the defendant Lucas E. But, with this evidence we incline to the opinion that upon the face of the deed, there is a valuable consideration. If the advancement was an inducement to the marriage, and the deed is equally to the husband as to the daughter, it would be a valuable consideration. But whether this is so or not, the obstacles are equally great in the way of the plaintiff's recovery. The sheriff could not sell nor his deed convey, except in subordina-

tion to the exemption, if it have any operation at all when the sale so utterly ignores the statutory mandates, and the defendants have what the owner could, and the sheriff could not convey.

There is no error, and the judgment must be affirmed.

No error.                                                        Affirmed.