### J. B. FLORA v. AUGUSTIN ROBBINS.

#### *Homestead—Allotment of.*

1. Where a judgment debtor owned several town lots, some of which—including that whereon was his dwelling and he resided—were encumbered by prior liens (mortgages) to the extent of their full value, and the others were unencumbered ; *Held*, that he had the right to have his homestead allotted from the unencumbered lands without reference to whether they embraced his dwelling and other buildings.

2. The homesteader should make his selection at the time of the appraisal and assignment, and give notice of any exception to the action of the appraisers then, or within a reasonable time thereafter and before sale.

(*Shepherd* v. *Murrill*, 90 N. C., 208, cited and approved).

This was a CONTROVERSY presented by exceptions to an assignment of homestead, heard before *Gudger, Judge,* at Fall Term, 1884, of BERTIE Superior Court.

From the judgment of the court overruling the defendant's exceptions and confirming the action of the appraisers, the defendant appealed.

The sheriff of the county of Bertie had in his hands on the 17th day of September, 1884, an execution in favor of the plaintiff and against the defendant, for the sum of $85.25, with interest thereon from the first day of December, 1882, founded upon a judgment docketed in that county on the 1st day of February, 1883.

The defendant was a resident of that county and entitled to a homestead. The sheriff summoned appraisers to value and assign the homestead of the defendant.

Accordingly, on the day first above mentioned, the appraisers valued and laid off to the defendant his homestead, and made return of their proceedings.

The defendant objected to the homestead so laid off to him, and filed his exception, whereof the following is a copy:

"The defendant, Augustin Robbins, in the above entitled case objects to the homestead heretofore allotted to him by the appraisers summoned under the execution in this case, for this: That the real estate set apart for him by the appraisers is under mortgage, and the legal title to said lands so allotted as his homestead is not in him, and that he has only an equity of redemption in said lands. The assignment made, a copy of which is hereto annexed marked "A," has the effect to defeat the defendant in obtaining a homestead."

The return of the appraisers simply recited the appraisal of the parcels of land—one at $700, the other at $300, and that the same were laid off as the defendant's homestead, and no reference was made therein to the fact that both parcels were encumbered by mortgage. It was recited that the first tract and buildings thereon were owned and occupied by the defendant as a homestead; that the second was a lot of land in the town of Windsor, and the buildings thereon were owned and occupied by him.

It is stated in the case, settled upon appeal by the Judge, that "No question was made as to the facts of the exception, but said facts were admitted, and upon the hearing, the Court overruled the exception filed by the defendant, and confirmed the report of the appraisers."

It appeared from the return of the sheriff, entered upon the execution mentioned, that he levied upon the "excess" of the homestead—"a lot in the town of Windsor, adjoining the lot in said town assigned and allotted the said Robbins as homestead, bounded," &c.

The defendant excepted to the order and judgment of the Court, overruling his exception and confirming the return of the appraisers, and appealed to this court.

*Mr. R. B. Peebles*, for the plaintiff.
No counsel for the defendant.

MERRIMON, J. (after stating the facts). It is admitted as a fact that the allotment made by the appraisers "has the effect to defeat the defendant in obtaining a homestead."

How this effect is wrought does not, in terms, appear, but the plain implication, from the facts stated in the exception of the defendant, is that the land allotted as homestead will not more than discharge the two mortgage debts that, as is admitted, constitute a first lien upon it.

If this is so, the appraisers ought not to have set apart the land embraced by the mortgage, especially as the defendant had other land unaffected by any lien, so far as appears, except the lien of the judgment upon which the execution of the plaintiff issued. The law does not intend that the defendant shall have the empty form of a homestead, but the substance as well, when he has land that may be laid off to him for that purpose, and this without reference to whether it embraces the dwelling house or not. Generally the dwelling house and buildings used therewith, must be embraced, but there may be reasons why this cannot be so, as when the land on which they are situated is encumbered for all or more than its value. This is the spirit, if not the letter of the constitution and the statutes in execution thereof.

A judgment debtor may have homestead in lands that he has mortgaged, whether he has the legal right of redemption or the equity of redemption, but it does not follow, if such lands embrace his dwellings and buildings used therewith, that he must have homestead in *such* lands and none other, although he may have other lands free from encumbrance, or subject to only par-

tial encumbrance. Indeed, in the absence of any encumbrances, it is optional with him whether he will select a lot in a city, town or village, owned and occupied by him, not exceeding in value $1,000, in lieu of the homestead embracing the dwelling house and other buildings. In this case, the land of the defendant levied upon, and which the plaintiff seeks to sell to satisfy his judgment, is a lot situate in a town, and he had the right to select that, or a part of it not exceeding in value $1,000, in lieu of the land on which was situate his dwelling house and other buildings, even though these had been free from encumbrance. But as this land was encumbered to the extent of its full value, he had the right to have homestead set apart to him in any land he had other than that. This is so, because the law favors the homestead. The debtor, when need be, may have it allotted to him in any land owned by him available for the purpose.

It does not appear affirmatively, as regularly it ought to do, that the defendant at the time the appraisers proceeded to lay off the homestead informed them of the encumbrance upon the land, and selected other land that he desired to have laid off to him, but we think, if this were really necessary, that it sufficiently appears by implication that he did. He excepted to their action, and upon the ground that the land laid off to him as and for his homestead was encumbered by mortgages for its full value. He had other land—a lot in the town of Windsor—and the reasonable inference is that he selected that, or so much of it as would not be of greater value than $1,000.

But if he failed for any cause to give notice at the time the allotment was made, he gave notice of his objection and excepted shortly afterwards, as it appears from the fact recited in the sheriff's return on the execution, that notice of the appeal was served upon him on the 27th day of October, 1884, and he did not make sale of the land levied upon as the excess of the homestead. The defendant objected and excepted before the sale of the land was made, and when it appeared to the Court that the allotment of the homestead was practically nugatory—that it was a hollow form—it should have set it aside.

The appraisers, following the words of the statute, may have thought that they were required to lay off the homestead in such way as to embrace the dwelling house and the buildings used therewith, but no matter what consideration controlled their action, it deprived the defendant of his homestead, and he applied within time to obtain relief. *Shepherd* v. *Murrill*, 90 N. C., 208.

There is error. The judgment of the Court confirming the report and return of the appraisers must be reversed, and the exception of the defendant sustained. To this end let the opinion be certified to the Superior Court of the county of Bertie.

Error.                                                    Reversed.