ROBERT Q. McCRACKEN v. ALBERT ADLER et al.

*Homestead—Execution Sale—Action Against Sheriff for Failure to Lay off Homestead.*

1. Where plaintiff, in an action to recover land, claims title under execution sale of debtor's land in which the sheriff had neglected to lay off homestead, the sale is void, and the purchaser, whether he be plaintiff in the execution or a stranger, acquires no title.

2. The sale in such case being void, the debtor can maintain a suit upon the sheriff's bond (under *The Code*, §516,) only for costs and damages sustained—not for the value of the homestead.

CIVIL ACTION to recover land, tried at Fall Term, 1887, of HAYWOOD Superior Court, before *Montgomery, Judge.*

A judgment creditor of J. C. Smathers had his judgment duly docketed in the Superior Court of Haywood county, and execution thereon issued to the sheriff of that county, who levied the same upon and sold the land of this debtor, without first having the homestead of the latter therein laid off to him according to law, or at all, and the plaintiff became the purchaser thereof, and took the sheriff's deed therefor. On the trial, he put in evidence the judgment, execution and deed mentioned, and relied upon the same as evidence of title to the land in him.

The defendant contended that the deed mentioned was void, because the homestead of the judgment debtor in the land was not laid off to him as the law required should be done before levy upon and sale of the land. As to this:

"It was admitted that the said J. C. Smathers has continued to reside in this State at the same place, near the line of Buncombe and Haywood counties, and that no homestead has ever been allotted or laid off to him, either before or under the said execution of *Gurgenheimer* v. *J C. Smathers*, and that no homestead has ever been allotted or laid off to him.

" There was no evidence as to the value of the lands owned by said J. C. Smathers.   The Court instructed the jury that upon the proof and admission the plaintiff was not entitled to recover.   Plaintiff excepted," and appealed.

*Mr. G. S. Ferguson,* for the plaintiff.

*Messrs. W. L. Norwood* and *G. H. Smathers,* for the defendants.

MERRIMON, J.   Accepting the facts as they appear in the record, the judgment debtor was plainly entitled to have his homestead in the land which the sheriff undertook and purported to sell, laid off to him as the law directs.   Until this was done, the sheriff had no sufficient authority to levy upon and sell it.   The law favors the right of homestead, and the statute ( *The Code,* §§502–506) prescribes in detail and plain terms, leaving little to implication and inference, how it shall be laid off in cases like the present one, and expressly authorizes a levy upon and sale only of the excess of it.

The Constitution (Art. X., §§2, 5 and 8,) and the statutory provisions in execution and aid of it, in respect to the right of homestead, strongly indicates a settled purpose to secure and give complete effect to it, and the uniform decisions of the Court have been in harmony with that purpose.   The homestead shall not be sold " under execution, or other final process obtained on any debt," except in the cases allowed by the Constitution, and these are well defined and settled.   Neither the Constitution nor the statute applicable contemplates a sale of the land subject to the homestead until the latter shall be laid off to the debtor.   Moreover, such a sale cannot generally be made intelligently, fairly and justly, until the homestead shall have been ascertained. Then, and not till then, the sheriff can see what may be sold, and persons desiring to purchase what may certainly be bought.   The course thus indicated is essential to justice

and fair dealing, and as well, important to creditors and debtors. No sensible man will buy at a fair price, when he cannot know what and how much he buys. To uphold such sales, would be to encourage and establish a vicious practice and absolute wrong, and as well afford opportunity in many cases for fraud and injustice.

These and like considerations led us in deciding the case of *Mebane* v. *Layton*, 89 N. C., 396, to declare that generally a sale of the land of a person entitled to have homestead in the same, without first laying it off to him, was with certain exemptions specified, unlawful and void. What we have heard, our observation and further reflection on the subject since that decision, do not incline us to recede from or modify what we said and decided in that case. *Arnold* v. *Estes*, 92 N. C., 162; *Durham* v. *Bostwick*, 72 N. C., 353; *Andrews* v. *Pritchett*, Id., 135.

The counsel for the appellant, in his able argument before us, among other things suggested that it is unfair, if not unjust to purchasers at such sales, to treat them as void, and contended that the owner of the homestead had his remedy against the sheriff, as allowed by the statute, (*The Code*, §516.) We cannot accept this view as correct. Persons desiring to purchase and purchasers of land at execution sales, are presumed to know the law, and they ought in justice to themselves, as well as others, before bidding for the property to inquire whether or not the homestead has been laid off to the debtor. Thus they can easily protect themselves and encourage a due observance of the law. Such sales are not light and trifling, but serious matters, and require deliberation and scrutiny. The right of action given by the statute just cited is in no sense a substitute for the right of homestead. It only makes it indictable for the sheriff to fail to observe the statute first above cited, and further provides, that "he and his sureties shall be liable to the owner of the homestead for all costs and damages in a civil action"

that he may sustain by reason of the neglect of the sheriff in failing to lay off to him his homestead—not for the value of the homestead lost. He might be annoyed and injured in a variety of ways by such neglect, and still be able to assert his right at his cost and expense.

It was further insisted that in any case such deed of the sheriff ought to be void only in case the plaintiff in the execution became the purchaser, as in *Mebane* v. *Layton, supra.*

It is otherwise, because the defect, imperfection or irregularity in the sale is not simply such as the plaintiff in the execution particularly is presumed to have knowledge of, but the irregularity in failing to lay off the homestead is patent—one that every person can readily and must take notice of.

The rule thus stated is general and applicable where the execution debtor is entitled to have his homestead laid off to him in the land sold, but there are exceptions to it as pointed out in *Miller* v. *Miller,* 89 N. C., 402; *Wilson* v. *Patton,* 87 N. C., 318, and other like cases.

Nor does the rule apply where the land sold is not of the tract or parcels of land to which the execution debtor's right of homestead attaches, as prescribed in the provisions of the Constitution and statutes cited above—as where it is separate and distinct from the homestead property and not necessary to make the homestead complete, as allowed by the statute, (*The Code,* §509). But if the land proposed to be sold is all that the execution debtor has, he is entitled to have his homestead therein laid off to him, although there be no dwelling house or other habitable building thereon, because he may build a house and other buildings on the land, and thus have the beneficent provision of the Constitution. *Flora* v. *Robbins,* 93 N. C., 38; *Murchison* v. *Plyler,* 87 N. C., 79; *Spoon* v. *Reid,* 78 N. C., 244.

In the case before us, the land which the sheriff undertook to sell was the homestead tract of the execution debtor—

it embraced his dwelling house and other buildings used in connection therewith. The mere fact that the county line separated some of these buildings from others could not impair, much less destroy, the debtor's right. It was the plain duty of the sheriff to have the debtor's homestead laid off to him; and it was the folly or misfortune of the plaintiff to bid for, undertake to purchase, pay for, and take the sheriff's deed for the land, until the law in respect to the debtor's homestead had been properly observed.

The view we have taken of the assignment of error above considered, renders it unnecessary to consider other questions presented by the record. Judgment affirmed.

No error.                                        Affirmed.