JOHN BUIE v. ELLEN SCOTT et al.

*Action to Recover Land—Judgment— Witness—The Code,* § 590.

1. In an action to recover land bought by the plaintiff at an execution sale under a judgment obtained by himself, he is not a competent witness to prove the date of the debt on which such judgment was rendered, when the judgment debtor is since deceased and defendant claims under him. *Sumner* v. *Candler,* 86 N. C., 71, approved.

2. In such action, if it appear that no homestead was laid off, advantage can be taken of it, though not specially pleaded by defendant. *Mobley* v. *Griffin,* 104 N. C., 112, approved.

3. The date of a judgment will be taken as the date of the debt upon which it was rendered, unless the contrary appear of record. *Mebane* v. *Layton,* 89 N. C., 396, approved.

This was a CIVIL ACTION to recover land, tried before *Brown, J.,* and a jury, at May Term, 1890, of CUMBERLAND Superior Court. The defendants appealed.

The facts sufficiently appear in the opinion.

*Mr. Neill W. Ray,* for plaintiff.
*Mr. R. P. Buxton* (by brief) for the defendants.

CLARK, J.: The plaintiff seeks to recover the land in controversy as purchaser at a sale under an execution issued on a judgment in which he was plaintiff. It appears from the evidence offered by the plaintiff that no homestead was laid off, and that this land was all that the judgment debtor owned. The judgment, obtained before a magistrate and docketed in the Superior Court, was dated April 1, 1873, and bore interest from that date. It did not show the date of the indebtedness on which it had been rendered. The original papers before the Justice, and the note on which judgment had been granted, had been lost. The debt was pre-

sumably of the date of the judgment. *Hill* v. *Oxendine*, 79
N. C., 331; *Mebane* v. *Layton*, 89 N. C., 396. It therefore
became material to show the date of the note. *Mobley* v.
*Griffin*, 104 N. C., 112; *McCracken* v. *Adler*, 98 N. C., 400.
The judgment debtor was deceased at the time of this trial,
and his widow is the principal defendant, having intermar-
ried with the other defendant. The case states, "The plain-
tiff then proposed to prove by himself the date of the said
note and contents thereof, to show when said debt was con-
tracted, in addition to what may be contained in the judg-
ment roll of the Superior Court. This was objected to by the
defendant. Objection overruled, and exception by defendant.
Plaintiff then testified that the note referred to was dated in
1861, but could not give exact date." It was error to admit this
testimony. In *Hussey* v. *Kirkman*, 95 N. C., 63, it is held
that, while a plaintiff in an action may be competent to tes-
tify to the *handwriting* of a deceased person to a paper-
writing by which it is sought to charge his estate, he is
incompetent to testify to the *contents* of such paper. In the
present case the answer, "The note was dated in 1861,"
means, clearly, that the paper was executed in 1861, for it is
stated that the question was asked "to show when the debt
was contracted." This, necessarily, was testimony as to a
personal transaction between the plaintiff and the deceased,
and incompetent under *The Code*, § 590. *Sumner* v. *Candler*,
86 N. C., 71.

The date of the indebtedness is not stated in the Justice's
judgment, nor has such judgment been since amended to show
it. There was a motion for leave to issue execution, which
was allowed, and in stating case on appeal in that case (*Buie* v.
*Simmons*, 90 N. C., 9), from the order allowing it, the Judge
does state, incidentally, as a fact found, that the indebtedness
was contracted prior to 1868. Such finding is not in the
record proper, but in the statement of case on appeal, and

was not as to a matter in issue on the motion. It is, therefore, not an estoppel. *Williams* v. *Clouse,* 91 N. C., 322. The plaintiff evidently thought this, and endeavored to show the date by his own testimony as above.

Error.