A. A. BRIGHT v J. C. MARCOM, Administrator of S. J. Nichols.

*Action on Note— Witness—Transaction with Deceased Person.*

In the trial of an action on a note, although the payee is a competent witness to prove the handwriting of a witness thereto, whether the maker of the note be living or dead, yet he cannot testify, if the maker be dead, that one who purports to have made his cross mark to a paper, as witness, did in fact make his mark thereto, since that would be testimony concerning the transaction between the plaintiff and the deceased.

CIVIL ACTION on a note executed by S. J. Nichols and Selina Nichols, tried before *Boykin, J.,* and a jury at October Term, 1896, of WAKE Superior Court on appeal from a judgment of a Justice of the Peace.

The plaintiff was introduced as a witness in his own behalf and offered to testify that he saw Guy Taylor, the alleged witness to the note, make his mark in his name under the word "witness" upon the note in the presence of the maker of the note (both of whom are dead) at the time the note purports to have been executed, the said witness—Guy Taylor—having also since died. The defendants objected, but plaintiff was allowed to testify that at the time the note purports to have been executed Guy Taylor was present, and he saw him make his mark as witness thereto.

The note, including the signatures of the makers and the subscribing witness, was in the handwriting of plaintiff, and the cross mark appearing upon the note in the name of Guy Taylor, under the word witness, was made in the presence of the plaintiff by said Guy Taylor. There was no distinctive characteristics about the marks; they were simply the ordinary cross marks.

The jury found the issue in favor of the plaintiff, and from the judgment thereon the defendant appealed.

BRIGHT *v.* MARCOM.

*Messrs. Jones & Boykin,* for plaintiff.
*Mr. J. C. L. Harris,* for defendant (appellant).

CLARK, J.:  When an action is brought by the payee upon the promissory note of a deceased maker, the plaintiff is competent to prove the handwriting of the deceased (*Peoples* v. *Maxwell,* 64 N. C., 313; *Rush* v. *Steed,* 91 N. C., 226; *Ferebee* v. *Pritchard,* 112 N. C., 83; *Sawyer* v. *Grandy,* 113 N. C., 42; *Sumner* v. *Candler,* 86 N. C., 71; *Hussey* v. *Kirkman,* 95 N. C., 63; *Buie* v. *Scott,* 107 N. C., 181,) because knowledge by the witness of the handwriting of the deceased is no part of the transaction between them, but the same cases hold that the payee would be incompetent to prove that he saw the deceased sign, or the contents of the paper if lost, or the date or circumstances of its execution, since that would be to prove what passed and was transacted between the witness and the deceased.  So, also, where the execution of the note is by a cross mark purporting to be affixed by one since deceased, it is not competent for the payee to testify that the cross mark was affixed by the deceased, since that is to testify as to the transaction between them, and as to which the other party is prevented by death from replying.  *Spivey* v. *Rose,* 120 N. C., 163.

The witness to a note, bond or deed is the witness of the parties.  He is not a volunteer, but he signs at their request, and must always be called to prove the execution of the writing, or his death shown or his absence accounted for, and even then his handwriting should be shown if possible. *Jones* v. *Brinkley,* 2 N. C., 20; *McKinder* v. *Littlejohn,* 23 N. C., 66; *Carrier* v. *Hampton,* 33 N. C., 307; *Miller* v. *Hahn,* 84, N. C., 226; *Howell* v. *Ray,* 92 N. C., 510; *Angier* v. *Howard,* 94 N. C., 27; *Code,* Section 1246.

Therefore, while the payee is competent ·to prove the handwriting of the witness to the note, whether the alleged maker is living or not, he cannot testify, unless the maker

is living, that one who purports to have made his cross mark to a paper as witness in fact did make his mark thereto, as that would be to testify that, at the request of the deceased maker and himself, the said person was witness to the transaction, thereby proving the transaction. *Ballard* v. *Ballard*, 75 N. C., 190.

Error.