HICKS v. HICKS.

(Filed October 9, 1906).

*Dower—Abandonment—Evidence—Examination of Witnesses.*

1. In a proceeding for dower, where the defense was set up that the plaintiff had wilfully and without just cause abandoned her husband, the Court erred in excluding the question asked plaintiff, "Did you leave your husband of your own volition?"

2. Whether the plaintiff left her husband's home of her own volition, or by reason of what the law will recognize as compulsion, is an inquiry that does not necessarily involve a transaction or communication with her husband which disqualifies her under Rev., sec. 1631, formerly Code, sec. 590.

3. The competency of evidence is determined by the substance of the witness' answer rather than by the form of the interrogatory.

4. Where a question is objected to and it cannot be seen on its face that the answer will be incompetent, the Court may call on counsel to state what he expects to prove or direct the jury to retire until it is learned what the witness will say.

PROCEEDING for dower, by Annie Hicks against J. R. Hicks and others, heard by *Judge G. W. Ward* and a jury, at the February Term, 1906, of the Superior Court of WAKE, upon an issue transferred from the Clerk.

It was admitted that the plaintiff is the widow of Joseph Hicks, who owned the land described in the complaint and is entitled to dower, unless she had wilfully and without just cause or excuse abandoned her husband and was not living with him at the time of his death, this being the defense set up in the answer.

The following issue was submitted to the jury: "Did the plaintiff wilfully and without just cause abandon her husband, Joseph Hicks, and refuse to live with him, as alleged in the answer?" The jury answered the issue "Yes." Plaintiff admitted that she was not living with her husband when

he died, but she alleged that she left him because he treated her cruelly and offered such indignities to her person as to render her condition intolerable and her life burdensome, and that he had falsely charged her with infidelity.

There was testimony on the part of the defendant tending to show that the plaintiff of her own will abandoned her husband without any lawful excuse.    The plaintiff's proof tended to show that they had lived together ten years, and had one child, who was now eight years old, and that plaintiff's character is good.    It was admitted at the trial that she is and always had been a virtuous woman.

The plaintiff's counsel proposed to ask the witness, C. W. Horton, what he had heard Hicks say about his wife's character, the witness stating that he had not told her about it. On objection the testimony was excluded.    It was in evidence that Hicks had told his wife to leave their yard and threatened, if she did not go, to shoot her.    She used some offensive language and seemed not to be afraid of him.    Plaintiff's counsel also proposed to ask the plaintiff, who testified in her own behalf, the following question: "Did you leave him (her husband) of your own volition?"    Defendant objected and the question was ruled out.

There was no objection to the charge of the Court.    Plaintiff moved for a new trial upon exceptions taken to the exclusion of testimony.    Motion overruled.    Judgment, and appeal by plaintiff.

*R. H. Battle* and *F. S. Spruill* for the plaintiff.
*W. N. Jones* for the defendant.

WALKER, J., after stating the case: The Court erred in excluding the question put to the plaintiff by her counsel while testifying in her own behalf.    The competency of evidence is determined by the substance of the witness' answer rather than by the form of the interrogatory.    *Sumner v.*

*Candler,* 86 N. C., 71. Whether the plaintiff left her husband's home of her own volition, or by reason of what the law will recognize as compulsion, is an inquiry that does not necessarily involve a transaction or communication with her husband which disqualifies her under Revisal, sec. 1631, formerly Code, sec. 590. She may have left for valid reasons not arising out of any dealing with her husband. It cannot be seen, on the face of the question, that the plaintiff was induced to leave only by what her husband may have said or done.

In *Thompson v. Onley,* 96 N. C., 9, this Court held to be competent a question substantially similar to this one. It is there suggested that the party objecting to it could by a preliminary examination have ascertained if the witness intended to refer to a personal transaction or communication with a party then deceased. We add that the Judge here could have called upon the counsel to state what he expected to prove and thus have elicited the required information, or he could have directed the jury to retire until it was learned what the witness would say, and in that way not prejudiced either side. Any one of the suggested methods of inquiry would be in accordance with approved practice. *Sikes v. Parker,* 95 N. C., 232; *Fertilizer Co. v. Rippy,* 123 N. C., 656.

This case is not like *Davidson v. Bardin,* 139 N. C., 1, and *Stocks v. Cannon,* 139 N. C., 60, cited by the defendant's counsel, for in each of them it appeared from the very nature of the question that it could not possibly be answered without speaking of a transaction or communication with the deceased. Nor is it like *Peoples v. Maxwell,* 64 N. C., 313; *March v. Verble,* 79 N. C., 19; *Ducker v. Whitson,* 112 N. C., 44, and cases of a similar kind which were cited by the plaintiff's counsel; for there it was perfectly clear that no transaction or communication with the deceased was called for; but something very different from it was the object of the proof, such as sanity, insolvency, handwriting, and the like. The

proposed evidence was relevant, as the statute provides that abandonment of the husband which is wilful and without just cause, and refusal to live with him, followed by separation continued to the time of his death, shall constitute a bar to the right of dower. That the plaintiff did not leave her husband's home of her own volition, if she can establish the fact by competent proof, should certainly be considered by the jury upon the issue framed under that provision of the statute. What the witness will say, and whether she is qualified under Revisal, sec. 1631, to speak of all or any of the matters that may be within the full scope of the proposed inquiry, we do not know, and, therefore, we are now unable to decide as to the extent of her competency, and must leave the question with the presiding Judge to pass upon when the facts are all disclosed.

The question put to the witness Horton is rather indefinite in form, and we can only conjecture as to what was intended to be proved. If the husband made what turns out to be a false accusation against his wife, and one very degrading to her and which ought to have been humiliating to him, it perhaps might be competent and relevant as a circumstance showing the state of his temper and disposition towards her, or his animosity, to be considered by the jury in connection with the evidence introduced by the plaintiff that he had driven her from the yard. It might have a tendency to show why he did it and as to who was the aggressor in this most unfortunate affair. That his anger and resentment would be aroused, if he believed the truth of what he had uttered against her, can hardly be denied; and if he did not believe it, he evinced an utter disregard for the duty of protection he had promised and that he owed to her, to say the least of it, which was likely to result in domestic infelicity and a marital breach sooner or later. In either view of such testimony it may be regarded as furnishing some evidence of the motive with which it is alleged he maltreated her, if it is not

a circumstance to show that the version of their separation, as given by her witnesses, is the true one. The question is so generally and vaguely worded, though, that we cannot pass definitely upon its competency or relevancy.

We order a new trial, because the Court excluded the question propounded to the plaintiff herself.

New Trial.