W. B. COOPER et al v. A. C. McKINNON et al.

(Decided March 29, 1898).

*Action to Set Aside Deed of Assignment—Assignment for Benefit of Creditors—Validity of Deed of Assignment.*

1. The requirements of the Act regulating assignments for the benefit of creditors (Chapter 453, Acts of 1893), are mandatory.

2. A deed of assignment for the benefit of creditors becomes absolutely void, both as to creditors and as between the parties, by the failure of the assignee to file a schedule of preferred debts within five days.

3. Where an assignor in a deed of assignment failed to file the schedule of preferred debts within five days, and thereafter filed a new deed of assignment covering the same property but making changes in the preferences, *Held*, that the new deed vested the property in the assignee subject to the trusts imposed thereby.

CIVIL ACTION pending in ROBESON Superior Court and heard on complaint and affidavits before *Allen, J.*, at chambers in Lumberton during February Term, 1898, of that court. The facts are stated in the opinion. From an order dissolving the temporary injunction theretofore issued, the plaintiffs appealed.

*Mr. T. A. McNeill* for plaintiffs (appellants).
*Messrs. N. A. McLean* and *G. R. Patterson* for defendants.

DOUGLAS, J.: This is an action to set aside a deed of assignment for the benefit of creditors on the ground that there was at the time of the execution of said deed a previous and existing deed of assignment, which, however void as to creditors, was good as between the parties.

On the 5th day of November, 1897, the defendant, McKinnon, executed to his co-defendant, G. B. Patterson, a deed of assignment, duly recorded, whereby he conveyed to the said Patterson, for the benefit of his creditors, all his property, reserving, however, his exemptions as allowed by law. This deed was filed for registration on the date of its execution, but the verified schedule of preferred debts was not filed in the clerk's office within five days after the registration of said deed, as required by Section 1 of Chapter 453 of the Public Laws 1893. Subsequently and after the docketing of the judgments now in suit, the defendant, McKinnon, on the 15th day of December, 1897, executed to the defendant, Patterson, a second deed of assignment for the benefit of creditors, covering substantially the same property included in the first deed, but changing the preferences. This second deed was duly recorded, and there is no allegation that the proper schedules were not filed as required by law. It further seems that the land is not involved in this action, and that no levies were made under the judgments herein set out.

The plaintiffs brought suit to set aside the second deed of assignment, and moved for a receiver and injunction. A temporary restraining order was granted. Upon the hearing the restraining order was discharged, and the motion for a receiver and injunction denied. From this judgment the plaintiff appealed, contending that the first assignment was good as between the parties thereto, and having passed the title to the property in question from the assignor to the assignee, subject only to avoidance by creditors, that no interest remained in the assignor to support the second assignment. On the contrary, the defendants contended that the first deed of assignment having become absolutely void by the failure

of the assignor to file the schedules as required by law, the title to the property reverted to the assignor, if, indeed, it ever passed to the assignee, and was conveyed in the second assignment subject to all its provisions. We think that the contention of the defendants is correct.

In *Bank* v. *Gilmer*, 116 N. C., 684, this Court held that the provisions of the Act of 1893 were not merely recommendatory, but were mandatory from the very nature of the Act, and that the failure of the assignor to file the schedules required by the Act, and within the time required, rendered the deed of assignment *void* and *invalid*, both terms being used in the opinion. This case was reheard and reported in 117 N. C., 416, 426, in which the Court reaffirms this doctrine, and says: "The Act seems to make this a necessary part of the execution of such conveyances, and if the assignor does not comply with this requirement the courts will pronounce it a legal fraud, and void." See also *Glanton* v. *Jacobs*, 117 N. C., 427. It is needless to recite here the authorities cited in the opinions of the Court delivered in those cases, as they can be found therein. While this statute is of recent origin, it appears to be already well settled that such a deed becomes absolutely void upon a failure of the assignor to comply with the mandatory requirements of the statute.

The distinction suggested by the plaintiffs that the assignment may be valid between the parties, that is, the assignor and assignee, and yet void as to creditors, cannot be maintained. This doctrine applies only to cases where the grantee takes the property for his own benefit exclusively, as a mortgagee, or grantee in an absolute deed of conveyance. There, the deed is made for

122—29

the benefit of the grantee, and there is no reason why he should not take and hold such benefit in the absence of some superior claim.    If such a conveyance is in fraud of creditors, either actually or by construction of law, it may be set aside as to them ; but, until so set aside, it is valid between the parties.    While said to be void as to creditors, it may pernaps more properly be called voidable. But a deed of assignment for the benefit of creditors is essentially different, and if such a deed becomes void as to creditors its primary and essential purpose is defeated, and it is totally invalid. The assignee does not take the property for his own benefit, but for the benefit of the creditors, and while he holds the legal title they are really the equitable owners to the extent of their claims.    Whatever defeats their interest defeats the object of the trust and, consequently, the trust itself.

In the case at bar, the first deed of assignment being void, the title of the property was still in the assignor, and was by him conveyed to his co-defendant Patterson by the second deed of assignment, which is admittedly valid if not affected by the prior deed.    The judgment is affirmed.

Affirmed.