NEW AMSTERDAM CASUALTY COMPANY v. E. R. DUNN AND WIFE, LOUIE E. DUNN.

(Filed 18 March, 1936.)

**Homestead D b—Homestead right held not forfeited by failure to assert same until after judgment decreeing sale of land.**

> Defendant allowed judgment by default to be taken against him in an action to set aside his deed as being fraudulent as to creditors, the deed embracing practically all property of defendant, real or personal. Judgment was entered that the deed be set aside and a commissioner was appointed to sell the land, and the cause retained. Prior to sale, defendant prayed that his homestead be allotted in the land. *Held:* The right to the homestead exemption guaranteed by the Constitution, Art. X, sec. 2, is not forfeited by a fraudulent conveyance, and the judgment was properly modified by order directing that defendant be allotted his homestead in the land which should be exempt from sale by the commissioner.

APPEAL by plaintiff from *Hill, Special Judge,* at November Term, 1935, of JOHNSTON. Affirmed.

Plaintiff creditor brought its action to set aside as fraudulent a conveyance by defendant E. R. Dunn to his wife. The land so conveyed

constituted practically all the property, real or personal, then owned by defendant E. R. Dunn. Defendants are residents of Johnston County. No answer was filed.

On the trial at April Term, 1935, before Small, J., there was a verdict for plaintiff and judgment thereon that the conveyance was fraudulent, and that the land was held in trust for creditors, and a commissioner was appointed with directions to sell the land and to report his proceedings to a subsequent term of court. It was further decreed that the case be retained upon the docket for further orders.

Prior to the advertised date of sale defendants filed a motion in the cause asking the court to set aside the judgment on the ground of excusable neglect, and "that in event the judgment is not set aside the defendant E. R. Dunn be allotted his homestead exemption in said land."

Upon examination of the judgment roll, together with defendants' affidavit and motion, it was held by the court below that the effect of the former judgment was to set aside the deed as being in fraud of creditors, and that defendant E. R. Dunn was entitled to have his homestead allotted in said land, and ordered that the former judgment be modified so that homestead be allotted said E. R. Dunn in accordance with the provisions of the Constitution and statutes relative to homestead, and that the commissioner be permitted to sell only such part of said land as should not be allotted to defendant as his homestead exemption.

The plaintiff excepted to the judgment and appealed to this Court.

*Parker & Lee* for plaintiff, appellant.
*L. L. Levinson* for defendants, appellees.

DEVIN, J. The only question presented here is whether the judgment decreeing a sale of the debtor's land may be modified so as to permit the allotment of a homestead therein.

The Constitution of North Carolina (Art. X, sec. 2) provides that "Every homestead . . . owned and occupied by any resident of this State and not exceeding the value of one thousand dollars, shall be exempt from sale under execution or other final process obtained on any debt," and this homestead "to be selected by the owner thereof."

The right to the homestead exemption is guaranteed to every resident of North Carolina by the Constitution, and this right is not forfeited by a fraudulent conveyance. *Grocery Co. v. Bails,* 177 N. C., 298; *Rose v. Bryan,* 157 N. C., 173. Nor by a fraudulent assignment. *Whitmore v. Hyatt,* 175 N. C., 117.

The authorities cited by plaintiff (*Cooper v. McKinnon,* 122 N. C., 450, and *Powell v. Lumber Co.,* 153 N. C., 59) construed sections 967,

24—209

*et seq.,* of the Revisal of 1905, which were not brought forward in the Consolidated Statutes.

The allowance of defendant's motion for the allotment of his homestead in the land described and the modification of the decree of sale protecting that constitutional right cannot be held for error.

Affirmed.