THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES v. GUS RUSSOS AND WIFE, KATINA RUSSOS.

(Filed 20 May, 1936.)

1. **Homestead B b—Judgment debtor may claim homestead in property conveyed by him when he obtains reconveyance prior to execution sale.**

   Plaintiff obtained judgment against defendants, who are husband and wife. Thereafter, the defendants conveyed certain vacant lots owned by the *feme* defendant to a nonresident, all legal requirements being complied with in making such conveyance. Plaintiff caused execution to issue on its judgment, but before final process of sale the nonresident reconveyed the lots to the *feme* defendant, and she claimed her homestead exemption in said lots, they being the only real estate owned by her. *Held:* Upon the conveyance of the lots by defendants their homestead right therein was terminated, and plaintiff could have sold same to satisfy the judgment, but upon the reconveyance of the lots to the *feme* defendant prior to final process of sale, she was entitled to have her homestead allotted therein. N. C. Code, 614, 729, N. C. Constitution, Art. X, sec. 2.

2. **Homestead A a—**

   Where the only real property owned by a judgment debtor consists of vacant lots, he may claim his homestead therein, since he may thereafter build a habitable structure thereon.

APPEAL by defendants from *Barnhill, J.,* at Second January Term, 1936, of WAKE. Reversed.

The agreed statement of facts:

"(1) That on 18 June, 1934, the Equitable Life Assurance Society secured a judgment against the defendants Gus Russos and wife, Katina Russos, in the amount of $736.96, with interest thereon from 16 May, 1932, and for costs, said judgment having been secured in the Superior Court of Wake County, N. C., and properly docketed and indexed in the office of the clerk of said court on 26 June, 1934, and will be found in Judgment Docket Book 41, on page 54, in said clerk's office.

"(2) That at the time said judgment was docketed, Katina Russos, one of the defendants, was the owner of two lots of land in Raleigh Township, Wake County, North Carolina, known as Lots Nos. 517 and 583, Part 5, of Bloomsbury, according to a certain map made by Riddick and Mann, recorded in the registry of Wake County, in Book of Maps 1911, at page 120.

"(3) That after the docketing of said judgment, the said Katina Russos and her husband, by a regular warranty deed in proper and regular form and execution, dated 30 October, 1934, and filed for registration 2 November, 1934, and recorded in Book 678, at page 386, in the office of the register of deeds for Wake County, North Carolina, conveyed said lots of land to Mrs. Christine Roukis, a resident of the city of Brooklyn, New York.

"(4) That thereafter, on 19 August, 1935, the plaintiff herein caused execution to be issued on said judgment, reference being made to said execution and the returns and proceedings thereunder, the original of which appears herein.

"(5) That on 19 August, 1935, the sheriff, after receiving said execution, gave notice to said Katina Russos of same, and made demand on her and posted an advertisement of the sale of said property and proceeded to advertise said sale in the *Raleigh Times,* a newspaper published in the city of Raleigh, Wake County, N. C., under said execution.

"(6) That thereafter, by deed dated 20 August, 1935, and filed for registration in the office of the register of deeds for Wake County, North Carolina, on 29 August, 1935, the said Christine Roukis and her husband reconveyed said property to the defendant Katina Russos.

"(7) That on Monday, 7 October, 1935, at the request of the defendants, N. F. Turner, sheriff of Wake County, caused the personal property exemption of said defendants to be allotted and the homestead of said defendant Katina Russos to be allotted, and that said lots of land were valued by the appraisers at $1,000, and allotted to said Katina Russos as her homestead exemption, reference being made to the returns appearing herein.

"(8) That the plaintiff filed its exceptions to the allotment of said lands to said Katina Russos as a homestead, and gave notice of appeal to the Superior Court, the original of which said exceptions and defendants' response thereto appear herein.

"(9) It is admitted that Katina Russos is a citizen and resident of Wake County, and has been a citizen and resident of Wake County for more than ten years, and was at the time said homestead was allotted, and still is, a citizen and resident of Wake County, but does not reside upon said lots, and that there are no buildings on said lots.

"(10) It is further agreed for the purpose of this action that at the time said homestead was allotted said Katina Russos did not own any other real estate, had never owned any other real estate, and still does not own any other real estate, in North Carolina.

"This 27 January, 1936.

S. BROWN SHEPHERD,
N. G. FONVILLE,
.Attorneys for Plaintiff.
R. L. McMILLAN,
R. ROY CARTER,
Attorneys for Defendants."

The judgment of the court below is as follows: "This cause coming on to be heard at the Second January Term, 1935, of the Superior Court of Wake County, before his Honor, M. V. Barnhill, upon exceptions filed to the laying off of homestead for the defendant Katina Russos in said lots in Raleigh Township, known as Lots Nos. 517 and 583, Part 5 of Bloomsbury, and upon the facts as stated in an agreement appearing of record herein signed by counsel for both parties; and the court being of the opinion that the said defendant Katina Russos is not entitled to a homestead in the said lots above referred to, which was laid off for her upon execution of judgment by the plaintiff: Now, therefore, it is ordered and adjudged that the exceptions filed by the plaintiff to the allotment of said homestead in said lots be and the same are hereby sustained, and the allotment of said homestead is hereby set aside and adjudged to be of no effect: And the sheriff of Wake County is directed to proceed to advertise and sell the said lots above referred to, following the usual procedure provided by law, under execution of the judgment of the plaintiff, and to sell the same free of any homestead or claim of the said Katina Russos of right to homestead in said lots. It is further ordered that the costs of these proceedings be paid from the proceeds of the sale. This 28 January, 1936. M. V. Barnhill, Judge presiding."

The defendants excepted, assigned error to the judgment as signed, and appealed to the Supreme Court.

*S. Brown Shepherd and N. G. Fonville for plaintiff.*
*R. Roy Carter and R. L. McMillan for defendants.*

CLARKSON, J.   After a careful investigation of the controversy, we think there was error in the opinion of the court below that Katina Russos was not entitled to a homestead exemption in the lots in controversy.

The plaintiff had a duly docketed judgment, on 18 June, 1934, for $736.96, and interest, against the defendants Gus Russos and wife, Katina Russos, in the office of the clerk of the Superior Court for Wake County, North Carolina, and at the time Katina Russos was the owner of two lots of land in said county.

N. C. Code, 1935 (Michie), sec. 614, in part, says that such judgment "is a lien on the real property in the county where the same is docketed of every person against whom any such judgment is rendered, and which he has at the time of the docketing thereof in the county in which such real property is situated, or which he acquired at any time thereafter, for ten years from the date of the rendition of the judgment."

Constitution of North Carolina, Art. X, sec. 2, is as follows: "Every homestead, and the dwellings and buildings used therewith, not exceeding in value one thousand dollars, to be selected by the owner thereof, or in lieu thereof, at the option of the owner, any lot in a city, town, or village with the dwelling and buildings used thereon, owned and occupied by any resident of this State, and not exceeding the value of one thousand dollars, shall be exempt from sale under execution or other final process obtained on any debt. But no property shall be exempt from sale for taxes or for payment of obligations contracted for the purchase of said premises."

On 30 October, 1934, Katina Russos and her husband conveyed, in accordance with the Constitution, the lots in controversy to one Christine Roukis, and by so doing Katina Russos parted with her homestead rights and the judgment creditor could have sold the lots if done before the property was reconveyed to Katina Russos.

N. C. Code, 1935 (Michie), sec. 729, is as follows: "The allotted homestead is exempt from levy so long as owned and occupied by the homesteader or by anyone for him, but when conveyed by him in the mode authorized by the Constitution, Art. X, sec. 8, the exemption ceases as to liens attaching prior to the conveyance. The homesteader who has conveyed his allotted homestead may have another allotted, and as often as is necessary. This section shall not have any retroactive effect." This section seems to deal with "allotted homesteads." See

*Sash Co. v. Parker,* 153 N. C., 130.   In *Cheek v. Walden,* 195 N. C., 752 (758), it is said: "Upon conveyance by the homesteader the exemption ceases."   *Duplin County v. Harrell,* 195 N. C., 445.

If nothing else appeared in the record, the plaintiff's contention would be correct, and it could sell the land in controversy on which it had a lien—for defendants Katina Russos and her husband had conveyed her land and parted with her right to a homestead exemption.

The execution on plaintiff's judgment was issued on 19 August, 1935, and in the hands of the sheriff.   The record discloses that the lots, on 20 August, 1935, were reconveyed to Katina Russos, she then being a citizen and resident of Wake County, North Carolina.   We think she was entitled to her homestead exemption in said lots.   Katina Russos did not reside upon said lots and there were no buildings on said lots. They were the only real estate she owned.   From a liberal construction of the Constitution, we think she was entitled to the homestead exemption in same.   The plaintiff in its brief nowhere controverts this aspect, its contention was that she had conveyed same.

In *Murchison v. Plyler,* 87 N. C., 79 (81), *Ruffin, J.,* said: "In short, there can be no homestead without a home or the immediate possibility of a home upon the land itself."

In *McCracken v. Adler,* 98 N. C., 400 (404), it is declared: "But if the land proposed to be sold is all that the execution debtor has, he is entitled to have his homestead therein laid off to him, although there be no dwelling house or other habitable building thereon, because he may build a house and other buildings on the land, and thus have the beneficent provision of the Constitution.   *Flora v. Robbins,* 93 N. C., 38; *Murchison v. Plyler,* 87 N. C., 79; *Spoon v. Reid,* 78 N. C., 244." *Farris v. Hendricks,* 196 N. C., 439.

In *New Amsterdam Casualty Co. v. Dunn,* 209 N. C., 736, *Devin, J.,* for the Court, said: "The right to the homestead exemption is guaranteed to every resident of North Carolina by the Constitution, and this right is not forfeited by a fraudulent conveyance."

In the present action, defendants had reacquired ownership before final process of sale, and we think entitled to the homestead exemption allowed by the Constitution.

For the reasons given, the judgment below is

Reversed.