**In the Matter of Gerald Clarence HUDSON, Bankrupt.**

**Bankruptcy No. 77-3-BK-5.**

United States Bankruptcy Court, E. D. North Carolina.

May 27, 1980.

Norman L. Sloan, Raleigh, N.C., for bankrupt.

W. Russell Hamilton, III, Raleigh, N.C., for trustee.

## OPINION AND ORDER

THOMAS M. MOORE, Bankruptcy Judge.

This matter comes on to be heard upon the objection filed by Gerald Clarence Hudson to the Amended Trustee's Report of Exempt Property filed by Mr. Thomas P. McNamara on March 7, 1978. The objection is to the Trustee's refusal to allow an exemption listed on an amended exemption schedule filed on February 9, 1978. The property involved in this exemption is the hallway area of the residence occupied by the Bankrupt's former wife.

A hearing on this matter was conducted on April 24, 1978, at the United States Bankruptcy Court, Wilson, North Carolina. Appearing for the Bankrupt was Mr. Norman L. Sloan, Attorney at Law, Raleigh, North Carolina. Appearing for the Trustee was Mr. W. Russell Hamilton, III, Attorney at Law, Raleigh, North Carolina.

On January 21, 1979, the Bankrupt died. He is survived by a minor child, Geri L. Hudson. The Constitution of the State of North Carolina gives the minor children of a deceased bankrupt certain rights to his homestead exemption. Geri L. Hudson is a proper and necessary party to this matter. Mr. William L. Lawton, Attorney at Law, has been appointed as Guardian Ad Litem for Geri L. Hudson pursuant to the Order of this Court dated January 22, 1980.

### Findings of Facts

On April 8, 1969, the Bankrupt and his wife at that time, Margaret L. Hudson, purchased as tenants by the entireties a house and lot located in Raleigh, North Carolina. On October 10, 1975, a Consent Judgment was entered in the District Court for Wake County, North Carolina which provided that Margaret L. Hudson would remain in possession of the Raleigh residence until December 31, 1980, unless she dies, remarries, or moves out of the house prior to that time. The wife also was allowed to rent a portion of the premises and was entitled to all rents.

On January 4, 1977, the Bankrupt filed a voluntary petition in bankruptcy. The following day, the District Court of Wake County entered a judgment granting an absolute divorce to the Bankrupt and Margaret L. Hudson.

The original petition filed with this Court did not list as exempt that property which the Bankrupt now seeks to have set aside as exempt. On June 28, 1977, the Bankrupt

amended his petition to include additional personal property not previously listed as exempt. This amended schedule did not include the real property now claimed. This Court entered an Order on January 11, 1978 determining that the Trustee was vested with the interest of the Bankrupt in the residence at Raleigh.

The Bankrupt sought, on February 9, 1978, to amend his petition to include as exempt property:

> "The entrance foyer, which is approximated 10 feet wide by ten feet deep beginning at the front door and expanding toward the rear of the house, the entire area being located in the hallway adjacent to the front door of the house and the bathroom which is located to the left of the entrance foyer and that portion of the hallway leading from the foyer to the bathroom, all of which property is located at 3315 Woodward Place, Raleigh, North Carolina."

On March 4, 1978, an Order was issued by this Court, allowing the Bankrupt to further amend his petition. On February 18, 1978 and again on March 8, 1978, the Trustee filed with this Court his Amended Report of Exempt Property. Those reports were served upon the attorney for the Bankrupt on February 17, 1978 and March 7, 1978 respectively and refused to allow the requested property as exempt. On April 4, 1978, the Bankrupt filed his objections to the Trustee's Amended Report of Exempt Property.

### Discussion

This situation brings forth several interesting points of bankruptcy law. One question is whether a bankrupt can wait more than thirteen months after his original petition to file an Amended schedule of exempt property to include his homestead exemption. Rule 110 of the Rules of Bankruptcy Procedure states:

> "A voluntary petition, schedule or statement of affairs may be amended as a matter of course at any time before the case is closed."

The application of Rule 110 to exempt property schedules is commented on by *Collier*. That source indicates that under Rule 110 a bankrupt may properly amend if the property is still in the hands of the Trustee and is unaffected by adverse rights. 1A *Collier on Bankruptcy*, para. 6.19(3) (14th ed.) The wisdom of that conclusion is questioned in situations where a bankrupt had more than sufficient time to consider his exemptions and where it was apparently done to frustrate other parties.

Another interesting question is whether a bankrupt can claim his homestead exemption in property in which he does not reside. North Carolina's Homestead Exemption is found in Article X, § 2(a) of the Constitution of North Carolina. That section provides in part:

> "Every homestead and the dwellings and buildings used therewith, to a value fixed by the General Assembly but not less than $1,000, to be selected by the owner thereof, or in lieu thereof, at the option of the owner, any lot in a city or town with the dwellings and buildings used thereon, and to the same value, *owned and occupied* by a resident of the State, shall be exempt from sale under execution or other final process obtained on any debt." (Emphasis added).

Despite the language of that section, there have been a few cases which have upheld homestead exemptions in property on which the bankrupt did not reside. *In re Hamrick*, 56 F.2d 240 (W.D.N.C.1932); *Equitable Life v. Russos*, 210 N.C. 121, 185 S.E. 632 (1936). Collier's comment on this point indicates that the majority position is that occupancy is essential. 1A *Collier on Bankruptcy*, para. 6.15 (14th ed.) These cases do suggest that a homestead claimant has to have the right to immediate possession of the property claimed. One case has stated: "There can be no homestead without a home or the immediate possibility of a home upon the land itself." *Murchison v. Plyler*, 87 N.C. 79 (1881).

The Murchison standard is more restrictive than what has more recently been used. However, it appears to be correct in

this State that a homestead exemption may not be claimed in property which the claimant has no present possessory interest at the time the claim is made. *Mayho v. Cotton*, 69 N.C. 289 (1873); *Equitable Life v. Russos, supra*. In the present matter, the Bankrupt had no right to possess the property which he claimed and would have no right to possession until after December 31, 1980.

As intriguing as these questions may be, the undersigned need not rule on them to resolve this matter. Rule 403(c) of the Bankruptcy Rules of Procedure states that an objection to a report of exempt property must be filed within 15 days of the filing of the trustee's report. An extension to this time limitation may be granted if a request for such an extension is filed before the 15 day limit has expired.

The Trustee filed his Amended Report of Exempt Property on March 8, 1978. The Bankrupt did not file an objection to this report until April 4, 1980, a period in excess of 15 days. Furthermore, no request for an extension was filed by the Bankrupt. The undersigned feels compelled to abide by Rule 403(c). It is therefore

ORDERED, that the objection to the Trustee's Amended Report of Exempt Property is denied and the Report is accepted as submitted by the Trustee; and

IT IS FURTHER ORDERED that the real property homestead exemption requested by the Bankrupt on February 9, 1978 is disallowed.